IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | Criminal Action |
| | : | No. 17-26 |
| v. | : | |
| | : | |
| ANTHONY MASON, | : | |
| Defendant | : | |

TYPE OF DOCUMENT:
**POST-HEARING MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANT**

FILED ON BEHALF OF:
**ANTHONY MASON, DEFENDANT**

COUNSEL FOR FILING PARTY:
**PHILLIP O. ROBERTSON, ESQUIRE
314 ALLEGHENY STREET
HOLLIDAYSBURG, PA  16648
(814) 317-5252
PA I.D. # 64412**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | Criminal Action |
| | : | No. 17-26 |
| v. | : | |
| | : | |
| ANTHONY MASON, | : | |
| Defendant | : | |

## POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT

AND NOW, comes the Defendant, Anthony Mason, by and through his counsel of record, Phillip O. Robertson, Esquire, who respectfully files the following:

## Brief Factually History.

Defendant, Anthony Mason, was originally charged with numerous counts of Disseminating/Publish/Possession of Child Pornography at the above-captioned case number, having plead guilty to some of the aforementioned offenses. Defendant received a total of seventy-two (72) months incarceration at a Federal Correctional Institution, along with ten (10) years supervised living. The Defendant was released from his confinement in 2022. During his short time being released, the Defendant has been participating in the Project Point of Light treatment program for sex offender counseling, and has taken at least one (1) lie detector test.

The Federal Probation Department has filed a Motion alleging that the Defendant has violated his probation conditions by having animated pornography in his possession and saved on his phone. A hearing was held on the Probation Department's motion, and whether the possession of animated pornography constituted a violation. At said hearing, this Court heard testimony, and held a separate, in-camera proceeding to view the evidence presented by the Plaintiff. This Court then directed the parties to prepare legal memoranda to establish their positions on the matter. This Post-Hearing Memorandum timely follows.

**<u>Argument</u>**.

The Defendant, Anthony Mason, hereby avers that the animated pornography found on his phone is not punishable as a violation of probation due to the fact that this animated pornography does not constitute child pornography.

The Defendant agrees that under 18 U.S. Code §1466 §§A the United States Congress passed legislation, signed by the President of the United States, to reflect that drawings, cartoons, sculptures, and/or paintings that depicts a minor engaging in sexually explicit and is obscene, or depicts an image that appears to be of a minor engaging in graphic bestiality, sadistic or masochistic abuse, sexual intercourse including genital to genital, oral to anal/genital, or oral/anal, whether between persons of the same or opposite sex and lacks serious literary artistic, political, or scientific value; or under additional offenses, knowingly possess a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting that depicts a minor engaging in sexually explicit conduct, and is obscene.

The fundamental question that this Court must decide is whether the not the photos found on the Defendant's phone are obscene. Under 18 U.S. Code §1466 §§A and §§B, the depiction must be obscene. Become obscenity cases implicate rights protected by the First Amendment of the Constitution, the Court must make an independent constitutional judgement as to the obscenities of the material in question. <u>United States v. Ragsdale</u>, 426 F.3d 765, at 779. Under <u>Miller v. California</u>, 413 U.S. 15 (1973), the Supreme Court came up with a three-pronged test to determine whether an object, or piece of art, or depiction is obscene. Under the <u>Miller</u> test, a work is obscene if: (i) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interests, (ii) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state

law, and (iii) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. Id.

It should be noted that under the Miller test, all three points must apply. It is averred that, in the case at bar, the photos on the phone do not meet the Miller test for obscenities. All of the photos, pictures, and material that has been found on the Defendant's cell phone are cartoon drawings of anime characters, many of which are from Japanese cartoons that are on television. The majority, if not all, of these anime depictions show a character that has clothing on, is not naked, and you cannot see the genitalia of the character. It is averred by the Defendant that these photos are similar to the photos presented in the case of United States v. Arthur, 51 F.4th 560 (2022), where it was found that the photos were not obscene.

In Arthur, Count I was a charge for "a simple black and white pencil or charcoal drawing with minimal detail depicting an adolescent girl alone reclining and, apparently, masturbating". Id. The Court found that since the drawing was simple and utterly lacking in any violent depiction, they could not find the image obscene, and, therefore, reversed the Defendant's conviction. Id. For the case at bar, a majority of the photos that were on the Defendant's phone were cartoon depictions of these anime characters which do not necessarily reflect an individual under the age of eighteen (18) years old; however, these photos, on their own, are not violent, and are not depicting these individuals in any sexual acts. Therefore, these photos cannot be considered obscene.

The Defendant confers that there may be other photos which does depicts sexual acts; however, again, these photos are unclear as to the intended age of the cartoon character, as these characters are based on Japanese anime, and it is just as likely that these animated characters are over the age of eighteen (18), as the Defendant has testified to.

From the photos observed by the Counsel for the Defendant, there are no photos that the defense can recall that shows any type of violent or sexual conducts being imposed onto these "minor" children, nor does there appear to be any photos or cartoon images depicting any minor being forced or coerced to perform any type of sexual act. Without this, it cannot be said that the Miller test has been met; therefore, these photos should be declared not obscene, and, therefore, not a basis for a violation of probation.

There is no question that the Defendant needs to continue, and possible increase, his counseling sessions with Project Point of Light. The Defendant has never hidden or lied to his probation officer, nor his counselor at the Project Point of Light regarding what could have been on his phone. It is believed and averred that, although some of these pictures may be inappropriate, they do not rise to level of a violation of the Defendant's probation conditions. The indiscretion, or inappropriate, photos can be addressed with an increased frequency of counseling for the Defendant, along with the Defendant undergoing lie detector examinations on a regular basis, and the added condition that there be no access to any device with the ability to access the internet.

As the Defendant testified, when he was released to the half-way house, his parents purchased him a flip-phone with no access to the internet. As soon as he was released from the half-way house, the Defendant testified that he was informed by his probation officer that he must receive an internet-capable phone so they can place an internet tracker onto it. It is the position of the Defendant that if he were to be allowed to keep his flip-phone, with no internet access, he would not be able to access the internet and none of these photos would have been viewed or downloaded. The Defendant has no objection to a probation condition being imposed that he not be able to access any internet service, and that he shall purchase and maintain a phone that is incapable of accessing the internet, through wi-fi or a data plan.

The Defendant has only just begun counseling, in that he began in January/February of 2023, and these images were already on his phone at the time of these sessions beginning, and continued to be on his phone for another few weeks. The Defendant is committed to attending his counseling, and has had serious discussion with his counselor regarding the animated photos that were found on his phone.

In conclusion, it is the position of the Defendant that the photos found on his cell phone are not obscene under the Miller v. California standard, and, therefore, cannot be a violation of the Defendant's probation conditions. However, the Defendant is in agreement, and would have no objection, to being directed to increase his frequency of counseling with the Project Point of Light, that he be denied all access to the internet or a data plan, and that he be required to take routine lie detector tests at the frequency determined by the Project Point of Light counselors.

RESPECTFULLY SUBMITTED:

LAW OFFICES OF DESPOY & ROBERTSON

Phillip O. Robertson, Esquire
314 Allegheny Street
Hollidaysburg, PA  16648
(814) 317-5252
PA I.D. # 64412

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
  Plaintiff    :  Criminal Action
         :  No. 17-26
  v.        :
         :
ANTHONY MASON,   :
  Defendant    :

## AFFIDAVIT OF SERVICE

I, Phillip O. Robertson, hereby certify that I have made service of Memoranda upon the

Plaintiff's counsel by Electronic Mail. Service was accomplished on the __*31*__ day of

_____*May*_____, 2023, at the address indicated below.


Michael Mitchell, Esquire
US Attorney's Office
Michael.mitchell4@usdoj.gov



       LAW OFFICES OF DESPOY & ROBERTSON

       _____
       Phillip O. Robertson, Esquire
       314 Allegheny Street
       Hollidaysburg, PA  16648
       (814) 317-5252
       PA I.D. # 64412

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
   Plaintiff        :   Criminal Action
            :   No. 17-26
 v.          :
            :
ANTHONY MASON,      :
   Defendant      :

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Phillip O. Robertson, Esquire

Signature: _____

Date: 5-31-2023

Attorney No. (if applicable):  64412