IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Criminal No. 3:17CR00026-1

ANTHONY MASON

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF FINDING
A SUPERVISED RELEASE VIOLATION**

AND NOW comes the United States of America, through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Michael L. Mitchell, Assistant United States Attorney for said district, and respectfully submits Government's Memorandum in Support of Finding a Supervised Release Violation.

The Court should find that Anthony Mason violated both mandatory condition #1, that he "shall not commit another federal, state or local crime," and special condition that he "shall not possess or access with intent to view any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography as defined in 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined in 18 U.S.C. § 1466A." In this case, there is no dispute that the images the Defendant possessed and viewed were not child pornography as defined in 18 U.S.C. § 2256(8). Rather, the images in dispute are the animated images depicting what are supposed to be pre-pubescent minors engaged in a range of sexual abuse and activities. Moreover, there is no dispute in this case that the Defendant is in fact the individual that downloaded and viewed the images found on his cellular device. *See Supervised Release Violation Hearing Transcript* 26-27 May 3, 2023. What is at issue is whether the images the Defendant downloaded and viewed are depicting minors, and whether the depiction of the minors are obscene visual representations of sexual abuse. As established by

the *in camera* viewing with the Court of selected images, as well as through Mr. Mason's own testimony, it is clear that these images display the obscene sexual abuse of minors.

The first question of fact the Court should address is, whether the pictures are meant to display minors. Clearly the pictures in the Defendant's phone depict minors. Even the pictures that do not display nudity or a sexual act can help contextualize the purpose and intent of all the pictures. As laid out in one particular image, and quoted in the petition for warrant or summons for offender under supervision, a character in the picture states "I use her as my rape cum dumpster every day, but when I called her over she brought a super tall classmate with her. She found out she was being raped by a high schooler and came along to make me stop. I told her it was consensual rape but this girl didn't seem convinced. She is so small and if she gets pregnant it will be really bad."  Clearly the author is discussing the sexual assault and rape of a school aged child.

Further, in the supervised release hearing, the Defendant testified that he watched hentai pornography, and admitted that the pornography he downloaded qualified as "lolicon." (misquoted as loliton). *See Transcript* at 27. The Defendant himself agreed that lolicon displays "petite…smaller body type" underdeveloped individuals, who lack pubic hair and have underdeveloped breasts. *Id*. Given the Defendant's own descriptions of lolicon, coupled with the context provided by the picture containing text discussing the violent sexual assault of school children, the pictures in the Defendant's phone were clearly meant to depict pre-pubescent minors. Notably, the pictures display undeveloped female bodies, with undeveloped breasts and no pubic hair. This is what a child's body looks like. While the Defendant claims that the pictures could be of anime characters, over the age of 18, this is simply not the way to determine what is actually shown in the pictures. The pictures themselves, coupled with the context provided by the text

pictures clearly demonstrate that these images are meant to depict prepubescent minors, irrespective of some fictional characters purported age in a tv show.

In their brief Defense rightly guides the Court to the determinative obscenity test established in *Miller v. California*. 413 U.S. 15 (1973). It is a three-prong test that determines a work is obscene when (1) "the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest," (2) "the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law," and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *Id.* at 24. In their brief, the Defense contends that many of the images found on the Defendant's phone depict "a character that has clothing on, is not naked, and you cannot see the genitalia of the character." *See* D. Memo Page 4. This is an extremely gracious description of the images seen and examined by the Court. In fact, many of the images show the visual depiction of minor females being penetrated by male genitalia. Some of the images even display depictions of prepubescent females with semen on their face and body. Again, when looking to the context provided by the picture containing text describing the sexual assault of school aged children, it is clear what the pictures are meant to display. It is the Government's position, that the average person would find that the pictures in the Defendant's phone, taken as a whole, appeal to the prurient interest, and that these works not only describe, but display sexual conduct, and lack any "*serious* literary, artistic, political or scientific value." *Miller* at 15 (emphasis added).

Because the images in the defendant's phone display the sexual abuse of minors, and because these images are clearly obscene, the Court should find that the Defendant has violated the terms of his supervised release by committing a new law violation and by violating his special conditions. Based on his underlying conviction and the record the Defendant clearly has a sexual

interest in children, and believed, however misguidedly, that animated depictions of minors would be a legal work around to satisfy his urges. This is not the case.

WHEREFORE, for the reasons set forth above, this Honorable Court should find that Anthony Mason violated his conditions of supervised release.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


/s/ *Michael L. Mitchell*
MICHAEL L. MITCHELL
Assistant U.S. Attorney
IL ID No. 6324363