IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:17-cr-26 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| ANTHONY P. MASON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is the issue of whether Defendant Anthony P. Mason, Jr. ("Mr. Mason") violated two conditions of his term of supervised release. For the following reasons, the Court finds that he violated both conditions, and the Court therefore finds that it is appropriate to proceed to the sentencing phase of the show cause hearing in this matter.

I.      Background

In 2018, this Court sentenced Mr. Mason to 72 months of imprisonment, followed by a 10-year period of supervised release. (ECF No. 44 at 1–3). As part of Mr. Mason's term of supervised release, the Court imposed Mandatory Condition No. 1, which states that Mr. Mason "must not commit another federal, state or local crime." (*Id.* at 3). The Court also imposed a Special Condition of Supervised Release (the "Special Condition") barring Mr. Mason from "possess[ing] or access[ing] with intent to view any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography as defined in 18 U.S.C. § 2256(8), or obscene visual representations of the sexual abuse of children as defined in 18 U.S.C. § 1466A." (*Id.* at 5).

On November 4, 2022, Mr. Mason began serving his term of supervised release. (ECF No.

61 at 1). On March 30, 2023, the Probation Office submitted a "Petition for Warrant or Summons for Person Under Supervision[.]" (*See* ECF No. 61). In that document, the Probation Office alleged that Mr. Mason had violated Mandatory Condition No. 1 and the Special Condition. (*Id.* at 1). Specifically, the Probation Office asserted that, on March 22, 2023, the Probation Office "conducted computer monitoring on Mr. Mason's device. The [P]robation [O]ffice reviewed hundreds of images of animated pornography, writings, drawings, and computer-generated imagery as defined in 18 U.S.C. § 2256 and obscene visual representations of the sexual abuse of children as defined in 18 U.S.C. § 1466A." (*Id.* at 1–2). The Probation Office averred that these images "depicted minors naked, minors engaging in sexual acts and minors being raped." (*Id.* at 2).

On March 31, 2023, the Court ordered that a Summons be issued, directing Mr. Mason to appear before the Court on May 3, 2023, to show cause as to why his term of supervised release should not be revoked. (ECF No. 62 at 2–3).

During the show cause hearing before the Court, Mr. Mason indicated that he is not contesting "what was actually found on his phone, what the pictures actually depict[.]" (ECF No. 70 at 2:17–19). Instead, his argument goes to "whether or not [the files found on his phone] constitute a violation of [the terms of his supervised release.]" (*Id.* at 2:19–21). Indeed, after the Government admitted into evidence an exhibit ("Exhibit A") containing certain of the images from Mr. Mason's device, Mr. Mason indicated that "there is no dispute" that those images came from his phone. (*Id.* at 9–11). Further, Mr. Mason testified that he downloaded and stored to his phone certain animated pornography that involved "underdeveloped people[.]" (*Id.* at 26:8–27:25).

Given the nature of Mr. Mason's argument, the Court: (1) admitted Exhibit A into evidence during the show cause hearing, (2) directed the Probation Office to keep possession of that Exhibit, and (3) stated that it would conduct a review of the images on the Exhibit at a later date and time. (*Id.* at 9–11). The Court conducted its in-camera review of the images from Mr. Mason's phone on May 15, 2023. (ECF No. 71). Further, the Court directed the parties to submit briefs outlining their arguments regarding whether Mr. Mason's actions place him in violation of the conditions of his supervised release. (ECF No. 69).

In his Brief, Mr. Mason states that the "fundamental question that this Court must decide is whether [or] not the photos found on [his] phone are obscene." (ECF No. 72 at 3). Mr. Mason notes that the Supreme Court has articulated a three-pronged test to determine whether an object or depiction is obscene. (*Id.*) (citing *Miller v. California*, 413 U.S. 15 (1973)). Under that test, Mr. Mason contends that the images from his phone are not obscene. (*Id.* at 3–4). Specifically, he states that the "majority, if not all, [of the photos, pictures, and materials from his phone] show a character that has clothing on, is not naked, and you cannot see the genitalia of the character." (*Id.* at 4). Further, Mr. Mason states that while certain photos may depict sexual acts, it is "unclear as to the intended age of the cartoon character" involved. (*Id.*). Finally, Mr. Mason avers that, with respect to the photos that his counsel observed, there are "no photos … that show[] any type of violent or sexual conduct[] being imposed onto these 'minor' children[.]" (*Id.* at 5).

In its Brief, the Government agrees with Mr. Mason that the issues before the Court are "[1] whether the images [that Mr. Mason] downloaded and viewed are depicting minors, and [2] whether the depiction[s] of the minors are obscene visual representations of sexual abuse." (ECF No. 73 at 1). The Government asserts that, based on the Court's in-camera review of the images

and Mr. Mason's own testimony during the show cause hearing, it is "clear that these images display the obscene sexual abuse of minors." (*Id.* at 1–2).

## II.  Discussion

Title 18, United States Code, Section 1466A(b)(1) "prohibits a person from 'knowingly possess[ing] a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that … (A) depicts a minor engaging in sexually explicit conduct; and (B) is obscene[.]'" *United States v. Buie*, 946 F.3d 443, 445 (8th Cir. 2019) (quoting 18 U.S.C. § 1466A(b)(1)). The "language of § 1466A(b)(1) explicitly requires that the visual depiction at issue be 'obscene[,]'" thereby incorporating the three-pronged test from *Miller*, 413 U.S. 15, "into the essential elements of the offense." *Buie*, 946 F.3d at 445. Therefore, because material that is "obscene" under *Miller* is not protected under the First Amendment, the statute prohibits speech that is not constitutionally protected. *Id.* at 445–46; *see also United States v. Arthur*, 51 F.4th 560, 569 (5th Cir. 2022) (citing *United States v. Williams*, 553 U.S. 285, 293 (2008) and noting that, in that decision, the Supreme Court distinguished the "statute at issue in [*Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)] from one that involves 'obscene material depicting (actual or virtual) children engaged in sexually explicit conduct,' which is 'constitutionally proscribable [under *New York v. Ferber*, 458 U.S. 747 (1982)] and *Miller*[.]'").

Under the:

> [T]est articulated in *Miller*, a work is obscene if: (1) "the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest," (2) "the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law," and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

-4-

*Arthur*, 51 F.4th at 569 (quoting *Miller*, 413 U.S. at 24). Further, "because obscenity cases implicate rights protected by the First Amendment," courts must make an "independent constitutional judgment as to the obscenity of the materials in question." *Id.* (internal quotation marks and citation omitted).

Finally, it is "not a required element of any offense under [Section 1466A] that the minor depicted actually exist." 18 U.S.C. § 1466A(c).

In this case, based on Mr. Mason's own admissions, the Court finds that he knowingly possessed the visual depictions that the Court reviewed during its in-camera review on May 15, 2023, and the Court further finds that Mr. Mason downloaded those visual depictions from the internet. 18 U.S.C. § 1466A(b), (d). Therefore, the Court must determine whether those same images (1) depict "a minor engaging in sexually explicit conduct" and (2) are "obscene." *Buie*, 946 F.3d at 445 (internal quotation marks and citation omitted). Based on the Court's in-camera review of those images, the Court finds that at least certain of the images satisfy both elements.

Indeed, with respect to the first element, the Court finds, based on its review of the images, that at least certain of the images involve individuals who are clearly minors and who are engaging in sexually explicit conduct. The individuals depicted bear several hallmarks of children, making it clear to the Court that they are in fact minors. And the images depict minors being raped, which constitutes sexually explicit conduct. 18 U.S.C. § 1466A(f)(2). Further, the Court notes that Mr. Mason's own testimony supports the Court's conclusion that at least certain of the images that he possessed involve minors. Indeed, during the show cause hearing, Mr. Mason testified that certain of the images that he downloaded involve individuals who: (1) do not have pubic hair and (2) have underdeveloped breasts. (ECF No. 70 at 26:8–27:25).

Turning to the issue of whether these images are obscene, the Court first finds that the images, which depict prepubescent females with semen on their faces, as well as minors engaging in sexual acts and being raped, and which are primarily focused on those sexual acts, "are clearly intended to and do appeal to the prurient interest." *Arthur*, 51 F.4th at 570. Second, because these images depict prepubescent females with semen on their faces and the rape of minors, the Court easily finds that they describe "sexual conduct in a patently offensive way." *Id.* (internal quotation marks and citation omitted). Finally, the Court finds that these images lack "serious literary, artistic, political, or scientific value." *Id.* (internal quotation marks and citation omitted). They certainly have no more than the "most tenuous plot." *Id.* (internal quotation marks and citation omitted). Therefore, the Court finds that at least certain of the images that Mr. Mason downloaded from the internet and knowingly possessed depict minors engaging in sexually explicit conduct and are obscene.

Accordingly, the Court finds that the Government has proven, by a preponderance of the evidence, that Mr. Mason violated Mandatory Condition No. 1 and the Special Condition when he downloaded from the internet and knowingly possessed visual depictions of minors engaging in sexually explicit conduct that are obscene. The Court thus enters the following order:

**AND NOW**, this __5th__ day of July, 2023, the Court finds, by a preponderance of the evidence, that Defendant Anthony P. Mason, Jr. violated the two conditions of his supervised release set forth in the Petition at ECF No. 61. **IT IS HEREBY ORDERED** that Defendant's show cause hearing in this matter shall resume on **July 31, 2023, at 1:30 p.m.** in Courtroom A—Johnstown before the undersigned. The Court shall impose sentence upon Defendant during that hearing.

-7-

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE